[No. 5654.]

## J. L. HOLLAND AND EDWIN TILLEY v. MOUNT AUBURN GOLD QUARTZ MINING COMPANY.

INSUFFICIENT LOCATION OF MINING CLAIM. — The posting of a notice upon a tree at each end of a mining claim is not a sufficient compliance with sec. 2324 of the Revised Statutes of the United States, which requires the location to be " distinctly marked on the ground so that its boundaries can be readily traced."

APPEAL from the District Court of the Fourteenth Judicial District, Nevada County.

Ejectment for a quartz mining claim of fifteen hundred feet long by six hundred feet wide. The defendant had been in possession of the claim for several years, when in August, 1876, the plaintiffs attempted to relocate it, upon the assumption that the defendant had forfeited its interest in the claim by failing to do the work required by the Act of May 10, 1872, which requires work of the value of ten dollars for each one hundred feet to be done annually. The plaintiffs went upon the ground and posted the following notice upon a tree at each end of the claim :

"Notice is hereby given that we, the undersigned, have this day located and claimed fifteen hundred (1,500) feet on this quartz ledge, commencing at a white oak tree standing about fifty feet northeast of G. W. Ragon's house, and running thence along the ledge in a southerly course for said distance, to a black oak tree which is about two feet in diameter, with top broken off, and dead on west side, and standing in an enclosure, Cleveland's. We also locate and claim all dips, spurs, angles, and variations of said ledge for three hundred (300) feet on each side of the ledge. The same to be known as the Como Mine. Nevada Mining District, Nevada County, California.

                                                    "EDWIN TILLEY,
"August 25th, 1876.                   "J. L. HOLLAND."

No other monuments or marks were provided by the plaintiff until after the commencement of the action, when he had the claim regularly surveyed and the boundary lines duly marked, but in the meantime the defendant had resumed work upon the claim. Judgment was rendered for the plaintiff, and the defendant appealed, a new trial having been denied.

*Johnson & Cross*, for Appellant :

The one thing essential to a valid location, which no local rule can change or dispense with, is, under the law of Congress : "The location must be distinctly marked on the ground, so

that its boundaries can be readily traced." (Sec. 2324 Rev. Stats. U. S.)

The "boundaries" include end-lines and side-lines, as is plainly indicated by Sec. 2322 of the United States Revised Statutes, where it says that locators "shall have the exclusive right of possession of veins, etc., which have their top or apex inside of such surface-lines," etc., "and between the end-lines," etc., "although such ledges may extend outside of the vertical side-lines." A careful examination of this section will show that the "boundaries" of a claim include lines which surround the claim—"side-lines" and "end-lines." But in this case plaintiff only posted two notices, and did not mark the boundaries at all; but if these two notices be considered marks of boundaries, still they are insufficient; for they marked but two points, which could not by any means mark the boundaries of a claim one thousand five hundred feet by six hundred feet, but at best could only mark the ends of a single straight line, and could not, by any straining of construction, in this case of a tract one thousand five hundred feet long and six hundred feet wide, "mark the location distinctly upon the ground, so that its boundaries can be readily traced."

The plaintiffs seek to work a forfeiture of defendant's mining claims by a relocation, but a forfeiture can only be accomplished by a strict compliance with the provisions of the law which provides for the forfeiture. The means of accomplishing a forfeiture must be used. (2 Gallison, U. S. C. C. Rep. 485.)

*W. D. Long*, and *George S. Huff*, for Respondents.

By the COURT:

The defendant was in possession of the mining ground prior to the dates when the plaintiffs attempted to locate it under the provisions of the Act of Congress of May 10, 1872.

Before the commencement of this action the location of plaintiffs was not *distinctly marked on the ground so that its boundaries could be readily traced*, as required by the Act. (Rev. Stats. U. S. sec. 2324.)

Judgment and order reversed, and cause remanded for a new trial.