[No. 5697.]

## P. G. GELCICH v. B. MORIARTY et al.

POSSESSION OF MINING CLAIM—FINDINGS.—To support a decree granting title based on actual possession of mining ground, the findings must show that the party has had possession of a definite part of the ground.

INEFFECTUAL LOCATION OF MINING CLAIM.—The placing of a monument in the center of a mining claim upon a mineral vein, and posting a notice thereon stating that the "undersigned claims seven hundred and fifty feet easterly and seven hundred and fifty feet westerly therefrom, together with three hundred feet on each side of the vein, with all its dips, spurs, and angles," giving the name of the lode and district, is not a sufficient compliance with the Act of Congress of May 10th, 1872, which requires locators of mining claims to distinctly mark their locations on the ground, so that the boundaries can be readily traced.

APPEAL from the District Court of the Sixteenth Judicial District, Inyo County.

The action was brought to quiet title to a mining claim situate in the Coso Mining District. Both parties located subsequent to the passage of the Act of Congress of May 10th, 1872. The plaintiff's location was made by placing a monument of rocks three or four feet high on the croppings of the ledge, and posting thereon the following notice:

" THE BILDERRAIN VEIN OR LODE.

" Discovered November 28th, 1874.

. ·" I, the undersigned, do hereby locate and claim fifteen hundred feet linear, together with three hundred feet on each side of this vein or lode, to be known as ' Bilderrain Lode,' situate in Coso Mining District, Inyo County, California, about half a mile west of the ' Santa Rosa ' lode ; for all the minerals it may contain, with all its dips, spurs, and angles, commencing at this notice posted in the center of this claim, and running seven hundred and fifty· feet east and seven hundred and fifty feet westerly direction along said vein or lode.     P. G. GELCICH.

" Coso Mining District, Inyo Co., Cal., Nov. 29th, 1874.

" Recorded at request of P. G. Gelcich, December 2nd, A. D. 1874, at seven minutes past six P. M., in Book ' B ' of Land, Water, and Mining Claims, 107.

" M. W. HAMMARSTRAND,

" County Recorder Inyo Co., Cal.

" $1.50 paid."

Upon a similar monument the defendants posted a notice as follows, covering the same ground :

" KENTUCK NO. TWO—NOTICE OF MINING CLAIM.

" We, the undersigned, have this day located and claim from this monument in the mineral-bearing ledge, or lode, or deposit, (1500) fifteen hundred feet running northeasterly by southwesterly direction, (750) seven hundred and fifty feet running southwesterly, also (750) seven hundred and fifty feet northeasterly, and (300) three hundred feet on each side, with all its dips, spurs, and angles of the ledge or lode.     This ledge or lode shall be known as the Kentuck No. 2·mine, located in the Coso Mining District, Inyo Co., California, Thursday, January 21st, A. D. 1875.                 " B. MORIARTY,

" WM. EDWIN,

" Recorded Jan. 22d, 1875,             " JOHN WALTERS,

" A. B. ELDER,         " HUGH DOUGHERTY.

" Recorder Coso Mining District.

" Per W. T. GRANT, Deputy.

The findings of the Court were thus:

"1. That the said plaintiff, by and through his agent duly authorized and employed by him, did, on the 29th day of November, A. D. 1874, locate the claim, ground, and premises in question. That he placed a monument in the center of said claim, and put a notice thereon, clearly defining the extent and boundaries of the same, to wit, seven hundred and fifty (750) feet in an easterly direction from said monument and notice, and seven hundred and fifty (750) feet in a westerly direction therefrom, following the lode and vein, together with three hundred (300) feet on each side of said monument and notice, and parallel with the center line of said location. That said claim was and is known as the "Bilderrain" vein or lode, and was vacant and unappropriated at the time.

"2. That the notice posted upon the monument in the center of said claim, as stated in the preceding finding, was duly recorded in the office of the County Recorder of Inyo County, on the 2nd day of December, A. D. 1874, in Book B of Land, Water, and Mining Claims, page 107.

"3. That at the time of the location of said mining claim and ground as before found, there was no mining district established where said claim was situated, nor were there any mining laws, rules, or regulations established in that locality or vicinity, for the location, regulation, or working of mining claims.

"4. That at or shortly after the location of said claim hereinbefore found, some work was done thereon by the plaintiff, through his duly authorized agent, and that plaintiff paid for the same, and also the expenses of locating said claim and recording the notice posted thereon.

"5. That on the 21st day of January, A. D. 1875, B. Moriarty, Wm. Edwin, John Walters, and Hugh Dougherty placed a monument upon said claim located by plaintiff, as hereinbefore found. That subsequently to the location of said mining claim by plaintiff, and the recording of his notice in the County Recorder's office of Inyo County, the miners met and organized a mining district, in which said claim was situated, known as the Coso Mining District. That on the 22nd day of January, A. D. 1875, the said Moriarty and others who undertook to locate

said claim had their notice of location recorded in the Mining Recorder's office of said Coso Mining District, and also did some work upon said claim. That they were at the time notified of plaintiff's claim, and were by plaintiff's agent forbidden to do any work thereon.

"6. That the plaintiff has always, and at all times, asserted his ownership of said claim, and as far as he could, maintained his possession and control of the same. That he has never abandoned or forfeited his ownership and right of possession thereto.

"7. That one of said defendants named in said plaintiff's complaint, to wit, Hugh Dougherty, has since the location of said claim died intestate, but that prior to his said death he had conveyed all of his right, title, and interest to his brother, —— Dougherty, whose name has been duly substituted in the place of the said Hugh Dougherty.            THERON REED,

                                    " District Judge."

Judgment was rendered for the plaintiff, and the defendants appealed.

*Reddy & Conklin*, for Appellants.

*L. Quint*, for Respondent.

By the COURT:

The findings do not show that plaintiff has had the possession of any definite part of the mining ground in controversy, and plaintiff is therefore not entitled to a decree based on his actual possession of any specific portion.

Nor do the findings show that either party has acquired title under the Act of Congress of May 10th, 1872; both parties having attempted to make location after the passage of that act, and both having failed to distinctly mark their locations on the ground so that the boundaries can be readily traced.

Judgment and order reversed, and cause remanded for a new trial.