HARRIS and others *v.* THE EQUATOR MINING & SMELTING Co.

*(Circuit Court, D. Colorado.  October 5, 1881.)*

1. MINERAL LANDS—TITLE—ACQUISITION OF.

The rules applicable to real property apply to public mineral lands. Therefore, a purchaser in possession of a mining claim under color of title may, in time, under the statute of limitations, obtain a perfect title thereto as against all other persons.

2. DEEDS—RECORDS.

Matters of record are incorporated into a deed by reference.

Ejectment to recover possession of the Ocean Wave lode, situate in Griffith mining district, Clear Creek county, Colorado. Trial at May term, 1881, and verdict for plaintiffs. Motion for new trial.

*R. S. Morrison* and *Hugh Butler*, for plaintiffs.

*H. M. Teller* and *E. O. Wolcott*, for defendants.

HALLETT, D. J.  Defendant applied in the land-office at Central City to enter the Charlotte lode, and plaintiffs made adverse claim to a part of the territory as the Ocean Wave, and brought this suit in support of their claim. The claims overlap near the ends, and the area in dispute is not very large. The Ocean Wave is something more than 10 years older than the other location, and a tunnel has been run nearly the whole length of the claim. At the trial there was evidence to show that the lode was discovered in the year 1867, and that work had been done in the tunnel from time to time thereafter, until this suit was brought. Very little ore was taken from the tunnel, but several witnesses testified that the lode was well defined and clearly traceable throughout the length of the tunnel. An attempt was made to show a valid location, according to the law in force in 1867, and plaintiffs also relied on a relocation in 1875. In this plaintiffs were not successful, and they were at last forced to rely on possession only in themselves and their grantors as evidence of title. As to the matter of possession, it was shown that the tunnel was worked from time to time, and by different parties, from the date of discovery in 1867 until this suit was brought. Some of the parties in possession, and others who were not in possession, had conveyed parts of the claim, or an interest therein, to other parties named; but, as plaintiffs were unable to connect themselves with these conveyances, they were not received. One conveyance made by a master in chancery, under a decree of court, in Clear Creek county, was, however, received under the circumstances which will now be stated:

In the year 1875, and for some time prior thereto, the Leavenworth Mountain Mining & Tunnelling Company was in possession of the property, and had done some work in the tunnel. They had erected buildings at the mouth of the tunnel, and appeared to have and hold undisputed possession, but whether under claim of title was not shown. In this situation of affairs, one James M. Estelle brought suit against that company in the district court of Clear Creek county, and in June, 1876, obtained a decree for the sale of the premises, to satisfy several amounts of money in the decree mentioned. The premises were sold under the decree to Estelle and Morrison, and in due time a deed was made to Estelle, Morrison having assigned to him his interest in the purchase.

Several plaintiffs claim by descent, and others by purchase from Estelle; and there was evidence at the trial tending to prove that

they, or persons in their interest, were in possession of the Ocean Wave at the time the Charlotte lode was located, in October, 1879. Upon these facts a question was presented at the trial, whether the plaintiffs, not having shown a valid location of the Ocean Wave, could claim anything in virtue of their possession of the ground in controversy, if the jury should find that they held possession at the date of the Charlotte location. And it was conceded that as to the tunnel itself, and the area covered by the buildings of the plaintiffs at and near the mouth of the tunnel, their right could not be denied. But it was contended that nothing less than a valid location could give to them a possession beyond their actual occupancy to the full extent of a claim 1,500 feet in length by 150 feet in width. Upon a familiar principle, it was said, a locator of a mining claim on the public lands is required to conform to the statute and the local rules of the mining district in which his claim may be situated, in order to establish his right to a full claim, and that a grantee of the locator should be held to the same proof. This, however, embraces something more than the principle that the title to and the right to occupy the public mineral lands can only be acquired in the manner prescribed by law. Conceding that proposition, it does not follow that a locator in actual occupancy, who has been evicted by a wrong-doer, must give evidence of every fact necessary to a valid location in an action to recover possession; not on the ground that the essentials of a valid location are in any case to be omitted, but that in support of undisturbed possession, long enjoyed, a presumption may in some cases arise that the location was at first well made. The statute of limitations, enacted by the state and recognized in the act of congress, is founded on this principle. If, in this state, the practice in ejectment for mining claims has been to show all the steps of a valid location in cases of actual occupancy and possession in the plaintiffs, it has never been declared that such proof is in all such cases indispensable.

It is not necessary, however, to discuss the point at length, for it is clear that a purchaser may be in a different position from the locator of the claim, not as against the general government, with which nothing can avail but strict compliance with the law regulating locations, but as against other citizens seeking to locate the same ground. It may well be said that a purchaser in possession under a conveyance regular in form is in by color of title, which, in time, under the statute of limitations, will ripen into a perfect right. And

it seems reasonable to allow him to maintain his possession and his right against one who seeks only to initiate a new claim to the same thing. In doing so, the regulations respecting locations are not at all relaxed, nor is any condition on which the estate is held set aside. A presumption is indulged that the location was regularly made in the first place, and the party in possession is allowed to remain so long as he shall comply with the conditions on which he holds the estate. The circumstance that a miner's estate in the public lands is subject to conditions, on failure of which it will be defeated, is not controlling. In general, we apply to mines in the public lands the rules applicable to real property: as that it may be conveyed by deed, is subject to sale on execution as land, descends to the heir of the claimant and not to the personal representative of his estate, and so on. No reason is perceived for denying the force and effect of the rule under consideration as applicable to such property. This view is accepted in California, and I have not found any authority against it. *Attwood* v. *Fricot,* 17 Cal. 38; *Hess* v. *Winder,* 30 Cal. 349.

The deed from the master in chancery to Estelle does not give the boundaries of the claim, without which, according to the authorities cited, it would have no effect to extend the possession of plaintiffs beyond the parts actually occupied by them. But reference is made to a location certificate of record, which contains a full and definite description of the claim, which is the same as if the description had been given in the deed. It matters not that the location certificate was not shown to be regular in all respects. If it gives a correct description of the property, such description is, by reference, incorporated in the deed.

The charge to the jury, of which defendant complains, was, in substance, that possession of the Ocean Wave by plaintiffs at the date of the Charlotte location should extend to the limits defined in the master's deed to Estelle, and would defeat an adverse location during such possession. This, of course, was subject to proof of a lode in the Ocean Wave ground, of which there was evidence. The proposition, as stated, is believed to be correct, and the motion for a new trial will be denied.