[No. 4334.]

BENTON ET AL v. HOPKINS ET AL.

1. **Mining Claims—Conflict—Ejectment—Evidence.**
    In an action of ejectment to determine the right of possession to a conflict between two lode mining claims, where the court found as a matter of fact that plaintiffs' location was invalid because there had been no discovery of mineral upon which to base the location, and where defendants were in possession of their claim, at the time plaintiffs made their location, the plaintiffs cannot be heard to complain that defendants' location certificate was not sufficient.

2. **Mining Claims — Conflict — Change of Boundaries — Invalid Location.**
    Where plaintiffs located a mining claim adjoining and with reference to the boundaries of a prior location by defendants, and plaintiffs' location was invalid because there had been no discovery of mineral on which to base it, and afterwards defendants changed the boundaries of their claim so as to include part of the ground attempted to be located by plaintiffs, but which was in the actual possession of defendants at the time plaintiffs made

their location, plaintiffs had acquired no right to the ground added to defendants' claim by their resurvey, and in an action of ejectment to determine the right of possession to said ground plaintiffs were not in a position to complain that defendants changed the boundaries of their claim subsequent to the attempted location by plaintiff.

**3.  Parties—Interest in Subject-matter—Evidence.**

Parties to an action who have no interest in the subject-matter of controversy cannot complain of erroneous rulings in the admission of testimony, nor the action of their adversaries with respect to such subject-matter which does not affect them.

**4.  Injunction—Damages—Variance.**

Where pending litigation over a mining claim defendants were enjoined from selling or disposing of any ore from the premises in dispute, upon a dissolution of the injunction, defendants were not entitled to damages based upon a claim that they were prevented by the injunction from working the property.

*Error to the District Court of Summit County.*

Mr. F. M. GODDARD and Mr. H. R. BELFORD, for plaintiffs in error.

Mr. WM. A. CUNNINGHAM and Mr. H. RIDDELL, for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The subject-matter of controversy in this case is the conflict between the Troublesome and Lucky Gus lode mining claims. Plaintiffs in error, as the owners of the latter claim, brought an action in ejectment against the defendants in error as owners of the former to determine their rights to the conflict. The trial was to the court without the intervention of a jury. From a judgment in favor of the defendants, the plaintiffs bring the case here for review on error.

The first point made is, that the court erred in admitting the location certificate of the Troublesome lode, for the reason that it did not contain such a description as would serve to identify the claim. The

court found as a fact that the Lucky Gus was an invalid location, because there had been no discovery of mineral upon which to base such location. It appears to have been made about June 18, 1900. According to the testimony the Troublesome had been in possession of defendants in error and their grantors since January, 1891, although the location certificate under which they claim the ground in controversy was dated January 3, 1899.

The defendants in error were in possession of their claim at the time of the location of the Lucky Gus. The suit against them is an ordinary one in ejectment, which involves only the right of possession of the respective parties, and as plaintiffs failed to establish a location which would entitle them to recover these premises, they cannot be heard to complain that the location certificate of the Troublesome was not sufficient.

It is claimed by plaintiffs that the Lucky Gus was located with reference to the boundaries of the Troublesome as staked, and did not embrace any part of the latter claim as so marked at the time of the location of the Lucky Gus. Subsequently, the defendants resurveyed their claim, and so changed the boundaries as to include the premises in dispute. The defendants were in the actual possession of these premises at the time the Lucky Gus was located. This may not have been sufficient to entitle them to change the boundaries of their claim as marked upon the surface so as to injuriously affect intervening rights. This action, however, did not affect the rights of plaintiffs, because, according to the finding of the court, they had no location which gave them any right whatever to the disputed premises; consequently, they are not in a position to complain of the change made by defendants in the boundaries of the Troublesome lode. In short, as this was a simple

action in ejectment, the actual possession of the defendants at the time of the attempted location by plaintiffs, which never was of any validity, precludes the latter from asserting any right whatever to the premises in dispute. As tersely stated in 1 Lindley on Mines, § 219: "Actual possession of a tract of public mineral land is valid as against a mere intruder, or one having no higher or better right than the prior occupant." Parties to an action having no interest in the subject-matter of controversy cannot complain of alleged erroneous rulings in the admission of testimony, or the action of their adversaries with respect to such subject-matter which does not affect them.

The finding of fact that plaintiffs had made no discovery of mineral on the Lucky Gus is challenged. We cannot disturb the finding of the trial court when it appears, as it does in this case, that on this subject as a whole, the testimony fully sustains the finding that plaintiffs made no discovery of mineral upon which to base the location of their claim.

Plaintiffs supplemented their action by an injunction which restrained the defendants from selling or disposing of any ore from the premises in dispute pending a determination of the cause on its merits. The defendants in their answer claimed damages on account of the injunction. The court awarded them damages in the sum of $360.00, which is also assigned as error. Whether or not on the dissolution of the injunction the court had the right to determine the question of damages, is immaterial, for it is clear that under the testimony none could be awarded. The defendants were only enjoined from selling or disposing of ore, and their damages, if any, would be those sustained by reason of being thus enjoined. On the trial they claimed that they were prevented from working the property for ninety days on account of

this injunction, and the court seems to have awarded damages upon the theory that they were entitled to damages on this account. This judgment cannot be upheld, because it has no connection whatever with those acts which they were enjoined from performing. Defendants have conceded that this conclusion is correct by filing a remittitur for the damages awarded. This action, however, will not correct the judgment below as to damages.

The cause is remanded to the trial court with directions to nonsuit defendants on their claim for damages. As thus modified the judgment will stand affirmed. The costs in this court will be equally divided between the parties.

*Modified and affirmed.*