[No. 8674.]

## LUCKY FOUR GOLD MINING CO. v. BACON.

1. MINING CLAIMS—*Application for Patent—Adverse Suit—Withdrawn—Effect.* Application for Patent, Adverse Claim, and Suit in Support Thereof. Defendant withdraws his application for patent, and plaintiff proceeds to judgment, stipulating that such judgment shall not be the basis of an application for patent. *Held,* that the action in support of the adverse claim thereupon came a mere action for possession, in which the government had no interest.

2. Ejectment—*Misdescription of Premises.* Plaintiff sued for a portion of the May B. Lode, alleged to be included within the limits of another lode named. The evidence failed to disclose any such conflict. Judgment for plaintiff was reversed.

*Error to La Plata District Court.* Hon. W. N. Searcy, Judge.

*On Rehearing.*

Messrs. Ritter & Buchanan, for plaintiff in error.

Messrs. Russell & Reese, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

This is an action commenced by the defendant in error in support of his adverse claim. The plaintiff in error had made its application for patent to the "May B." lode. The defendant in error claimed that portion of the territory of the "May B." lode in conflict with the "W. C." lode mining claim. During the hearing the defendant below by permission of the court filed its supplemental answer in which it was alleged:

"That since the institution of this action, and since the filing of the answer of the defendant herein, the patent proceedings and the application for patent referred to in the complaint and answer in this case, heretofore filed herein, as having been instituted and pending in the United States Land Office at Durango, Colorado, have been abandoned and dismissed, so far as the said "May B." Lode Mining Claim is concerned, and that there is not now pending any application for patent by or on behalf of this defendant for said "May B." Lode or for any part of the ground in conflict in this proceeding, or for any part of the ground embraced within the exterior limits of said W. C. Lode, in the complaint of the defendant set up."

The plaintiff offered testimony in support of his adverse claim. The defendant offered no testimony. The

court in the following language, instructed the jury to render a verdict in favor of the plaintiff:

"In this case the defendant having withdrawn its application for patent in the United States Land Office upon the May B. Lode Claim; and the plaintiff having waived any right he might have to procure patent to the ground in conflict under such proceedings in the Land Office, and under the verdict which may be herein rendered; and the defendant herein having elected to offer no evidence in opposition to the evidence of the plaintiff.

The court, therefore, under the law instructs you and directs you to make and return a verdict in favor of the plaintiff as to the ground in conflict between the W. C. Lode Mining Claim and the May B. Lode Mining Claim, a form of which verdict is herewith submitted to you.

You are also instructed to find and return for the plaintiff disbursements and expenses neecssarily incurred and paid by him for plats, abstracts and copies of papers filed in said Land Office, with his adverse claim, the sum of $75.00 and a reasonable counsel fee not exceeding $50.00 for the expense of preparing his said adverse claim, to-wit, $50.00, making a total of $125.00."

Judgment was entered accordingly. The errors relied on are: (1) That the court erred in directing a verdict for the plaintiff; (2) That the verdict is contrary to the evidence, and, (3) Because the damages and amount allowed the plaintiff by the verdict of the jury are excessive, in that the evidence was insufficient on the part of the plaintiff to show any right in the property in an adverse suit, and there was nothing to sustain any verdict for the expenses and attorneys fees in the preparation of the adverse.

It will be seen from this that the plaintiff expressly waived any right he might have to apply for patent under such verdict and judgment. The judgment was simply

for possession, and not to form a basis for patent for the ground in conflict. Therefore, by the withdrawal upon the part of the defendant of its application for patent, and by such waiver of the plaintiff, the government could have no further interest in the result of the suit, for title to the ground in conflict was not to be finally determined as a result of the verdict and judgment. Therefore the action became one merely for right of possession of that part of the premises in conflict. *Lebanon M. Co. v. Consolidated R. M. Co.*, 6 Colo. 371; *Strepey et al. v. Stark et al.*, 7 Colo. 614, 5 Pac. 111; *Henton v. Hopkins*, 31 Colo. 518, 74 Pac. 891.

But the proof does not disclose a conflict between the "May B." and "W. C." lodes. The plaintiff in this case can claim only such territory as is included within the boundaries defined by his location certificate, and as so bounded no conflict with the "May B." lode is disclosed.

The judgment is reversed with instruction to dismiss the proceeding.

On rehearing, former opinion withdrawn and this substituted in lieu thereof.

*En banc.*

HILL, J., and TELLER, J., not participating.